USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 0 3 DEC 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAVID DEGONDEA,

                Petitioner,

-v-

CALVIN WEST, Superintendent, Elmira
Correctional Facility,

                Respondent.
------------------------------------x

MEMORANDUM DECISION
AND ORDER
04 Civ. 7457 (GBD)(DF)

GEORGE B. DANIELS, United States District Judge:

    Petitioner David DeGondea seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction for the murder of Police Officer Luis Lopez. He is currently serving an aggregate sentence of 55 years to life, after a jury found him guilty of first-degree murder, attempted first-degree murder, criminal possession of a weapon in the second degree, and criminal sale of marijuana in the first degree. He raises two claims: (1) that the trial court deprived DeGondea of his due process and equal protection rights by failing to preserve for appellate review the jury selection process; (2) that the trial court's failure to give the jury an instruction on the defense of a third person justification violated DeGondea's due process rights.

    This Court referred the matter to Magistrate Judge Debra Freeman for a Report and Recommendation. Magistrate Judge Freeman issued a Report and Recommendation ("Report") recommending that Petitioner's habeas corpus petition be denied in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)©. It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her Report, Magistrate Judge Freeman advised Petitioner that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). DeGondea objected to the report. This Court considered the Report in light of those objections.

## Meaningful Appeal Claim

DeGondea's claim that he was denied his right to a meaningful appeal is grounded on three separate decisions by the state courts: (1) the state trial court judge's denial of his request to recall certain jurors for additional questioning; (2) the Appellate Division's decision to place the burden of proof in the reconstruction hearing on the defendant; (3) the Appellate Division's decision preventing DeGondea from pursuing a post-conviction challenge to prospective Juror No. 2.

As to DeGondea's first claim, the Magistrate Judge properly concluded that the state trial court's decision to deny DeGondea's request to recall already-questioned jurors and to create a

record was neither fundamentally unfair nor applied irrationally.[1] Also, the right to a transcription of voir dire proceedings is a waivable right and Petitioner waived it by not requesting it at the beginning of trial. See People v. Harrison, 85 N.Y.2d 794, 796 (1995). The decision of the trial court was neither applied irrationally or fundamentally unfair. See 28 U.S.C. § 2254(d). Further, on appeal the court took the extra step of remanding for a reconstruction hearing, where potential jurors were recalled and requestioned on the record, which the New York Appellate Division found created an adequate record on appeal. See People v. DeGondea, 705 N.Y.S.2d 20, 22 (N.Y. App. Div. 2000). Therefore, under the Supreme Court's Due Process and Equal Protection jurisprudence, it cannot be said that the actions of the state court was contrary to or an unreasonable application of clearly established Federal law.

As to the second claim, Petitioner cannot prevail under an analysis of either the Due Process or Equal Protection Clauses. The Appellate Division's allocation of the burden of proof at the reconstruction hearing does not merit § 2254 relief. In deciding other burdens of proof issues, the United States Supreme Court has held that due process does not necessarily require that the State assume the burden. See Medina v. California, 505 U.S. 437, 449 (1992). The Court has allocated the burden of proof to the State when doing so would further the objectives of "deterring lawless conduct by [the] police and prosecution" and it implicates fundamental Constitutional rights. Id. at 452. The allocation of a burden in a reconstruction hearing does not advance the goal of deterring lawless conduct by the police nor does it implicate a fundamental right akin to *Miranda* warnings or the right to counsel. See id. Further, Petitioner cannot succeed on an Equal Protection claim. He cannot prove that New York Courts have irrationally deviated from a consistent rule in his case. Therefore, Petitioner has failed to meet the burden of

---

[1] In his objections to the Report, Petitioner argues that all of his habeas claims must be seen in light of the state trial court judge's intentionally thwarting of Petitioner's attempt to create an adequate record for appellate review. However, Petitioner had the right to a full record of the entire voir dire proceeding and waived that right by not requesting it.

28 U.S.C. § 2254(d). Habeas relief should not be granted as to this claim.

Petitioner's third claim is based upon two rulings by the state courts. First, he contends that the state court's denial of his motion to release confidential personal information about Juror No. 2 violated his due process rights. Second, he contends that the Appellate Division deprived him of a meaningful appeal when it overturned on procedural grounds the collateral state habeas court's decision that the original trial judge's inattention during voir dire was not harmless error. As to the first contention, it was not a violation of due process for the court to refuse to release confidential information about a prospective juror when that juror was only being called to provide additional testimony regarding the state trial court judge's inattention during voir dire, especially considering that Petitioner never requested that the appeal of his conviction be expanded to include a challenge to Juror No 2.

As to the second contention, the Magistrate Judge properly concluded that given that Petitioner's state habeas collateral claim was never raised on direct appeal, it was not a constitutional violation worthy of granting habeas for the Appellate Division to overturn the trial court's decision pursuant to CPL § 440.10. See Diaz v. Greiner, 110 F. Supp. 2d 225, 235-36 (S.D.N.Y. 2000). Such errors are generally not cognizable on federal habeas review. See id.

### Justification Defense

Petitioner also contends that his constitutional rights were violated when the trial court refused to instruct the jury on the defense of a third party. In order to obtain a writ of habeas corpus, Petitioner must establish that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Not including the charge was harmless error and his habeas petition should be denied.

Under New York law, a person may use deadly force to protect a third person from another who he "reasonable believes . . . is using or about to use deadly physical force . . . or

4

attempting to commit a . . . robbery." N.Y. Penal Law § 35.15(1); 35.15(2). However, a person may not use physical force to "resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer . . . when it would reasonably appear that the latter is a police officer." Id. § 35.27. However, a person may use force to defend himself or others against excessive police force. See e.g., People v. Alston, 104 AD.2d 653 (N.Y. App. Div.1984).

As the Appellate Division held, it was not Petitioner's theory that he was resisting excessive police force being used against another. His theory was that he used force to resist a robbery and that he thought the police officers were not in fact police officers. See Pet. Mem. at 20-21. The jury's conviction of Petitioner for murder in the first degree indicates they necessary found that he knew his victim was a police officer. Therefore, not allowing Petitioner to raise the defense was harmless error as the jury would not have responded differently had it been offered. See Blazic v. Henderson, 900 F.2d 534, 542-43 (2d Cir. 1990).

## Conclusion

The Court adopts the Report's recommendation that Petitioner's habeas corpus petition be dismissed.

Dated: December 3, 2010
New York, New York

SO ORDERED:   0 3 DEC 2010

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge